NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED

MAY 1 3 2005

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

———————————————————     :
ERIC POTTER                            :
                                       :
                                       :          Civil No. 05-1947 (GEB)
                                       :
              Plaintiff,               :
                                       :
        v.                             :          OPINION
                                       :
JOHN DOE, et al.,                      :
                                       :
                                       :
              Defendants.              :
———————————————————     :

APPEARANCES:

        ERIC POTTER, Plaintiff Pro Se
        1311 Eighth Ave.,
        Neptune, New Jersey 07753

BROWN, JR., DISTRICT JUDGE

        Plaintiff Eric Potter ("Potter") seeks to bring this action
in forma pauperis pursuant to 28 U.S.C. § 1915 (1998).  Based
upon Potter's affidavit of indigence, this Court will (1) grant
Plaintiffs' application to proceed in forma pauperis; and (2)
direct the Clerk of the Court to file the Complaint without pre-
payment of the filing fee.

The Court has reviewed the complaint to identify cognizable claims.  The Court will permit Plaintiff's access to courts claim to proceed and dismiss the remaining claims against Defendants for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983[1] seeking damages and other relief for alleged violations of his rights secured by the Constitution and  laws of the United States.  Defendants are John Doe #1, Director of the New Jersey Department of Corrections, Central Transportation, and John Doe #2, the corrections officer assigned to Potter's institutional transfer. (Compl., ¶¶ 3-4.)

Plaintiff asserts the following facts in support of his claims: On March 30, 2005, he packed his personal property in preparation for a transfer from the Monmouth County Correctional Facility to the Central Reception Facility for new and

---

[1]     42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2

transferred prisoners.   (Compl., ¶ 6.)  The property contained

legal and religious materials.   (Id., ¶ 7.) According to

Plaintiff:

> Plaintiff's legal pleadings, motions, research
> and all documents necessary for the filing and
> responding to pending legal cases which the Plaintiff
> is proceeding pro se was destroyed by Central
> Transportation Officer John Doe contrary to policy.
>
> Upon arriving at the Department of Corrections
> Reception Facility Plaintiff Eric Potter inquired as to
> where his legal material was located. [He] was told by
> Defendant John Doe that it had been thrown in the
> trash. (Compl., ¶¶ 8-9.)

In the Complaint, Plaintiff raises claims of deprivation of

property without due process of law, denial of access to the

courts, and violation of New Jersey law.


## II. DISCUSSION

### A.   Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and

plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v.

Tarrant County Narcotics Intelligence and Coordination Unit, 507

U.S. 163, 168 (1993).  The Court "must determine whether, under

any reasonable reading of the pleadings, the plaintiff[] may be

entitled to relief, and . . . must accept as true the factual

allegations in the complaint and all reasonable inferences that

can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.

3

1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152

(1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Plaintiffs also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)). The Court will

5

now analyze Plaintiff's claims to determine whether dismissal is warranted.

B.  Deprivation of Property

Plaintiff alleges that the defendant correction officer destroyed and lost his personal property.  (Compl., ¶¶ 8-9.)  The Court will construe this allegation as a Fourteenth Amendment due process claim with respect to the property destroyed, lost, or made unavailable as a consequence of the transfer.  With respect to this claim, there is no cognizable due process claim for a deprivation of property occurring as the result of a lack of due care.  Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Asquith v. Volunteers of America, 1 F. Supp.2d 405, 419 (D.N.J. 1998).  Moreover, a due process claim for negligent, reckless, or intentional deprivation of property will not lie if the State affords an adequate post-deprivation remedy for the loss.  See Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 536 (1984); Holman v. Hilton, 712 F.2d 854, 856 (3d Cir. 1983).

The New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1-1 et seq., provides such a post-deprivation remedy, and was available to Plaintiffs as a matter of law for the property claims asserted in the Complaint.  See Holman, 712 F.2d at 857; Asquith, 1 F. Supp.2d at 419.  Since adequate state remedies exist, Plaintiffs' due process claim for loss of property will be

dismissed for failure to state a claim upon which relief may be granted.[2] [3]

## C.  Denial of Access to Courts

Plaintiff appears to allege that actions taken by Defendants with respect to his legal materials violated his constitutional right of access to the courts.  (Compl., ¶ 12.)  Plaintiff lacks standing to raise this claim unless he alleges actual injury by Defendants' alleged interference with his access to the courts. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).  As Plaintiff has stated that his documents were "necessary for the filing and responding to pending legal cases," the Court will permit this claim to proceed at this time.  See Lewis, supra; Oliver, supra.

## D. Violations of New Jersey Law

The Complaint also contains references to violations of New Jersey law with respect to the actions of the Defendants.

---

[2] The Court is aware that Plaintiff may be barred from pursuing claims under the NJTCA if he failed to file a tort claim notice with the State Attorney General or the Department of Corrections within 90 days of accrual of the claim.  See N.J.S.A. §§ 59:8-1 to 59:8-11.  However, a statute containing reasonable procedural barriers to suit is neither procedurally inadequate nor unavailable.  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); Holman, 712 F.2d at 857, n.3.

[3] In addition, the Complaint at most permits an inference of  respondeat superior liability against the Defendant Director of Central Transportation (there is no indication that this Defendant had prior knowledge and approval of the correction officer's alleged actions), which is not actionable under 42 U.S.C. § 1983.  See Rode, supra.

However, violation of state law does not state a claim under 42 U.S.C. § 1983.  Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Green v. Patterson, 971 F. Supp. 891, 903 (D.N.J. 1997) (citing Elkin).  The Court will, therefore, dismiss all claims that Defendants violated New Jersey law for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

The Court will grant in forma pauperis status, permit Plaintiff's access to courts claim to proceed, and dismiss the remaining claims against Defendants for failure to state a claim upon which relief may be granted.  An appropriate Order accompanies this Opinion.

GARRETT E. BROWN, JR.
UNITED STATES DISTRICT COURT

DATED:  May 13, 2005